UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
United States of America

                                                       **MEMORANDUM & ORDER**
        v.                                                  21-CR-00523 (DG)

Muhammad Naveed,

                       Defendant.
------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       On April 25, 2022, Defendant Muhammad Naveed pled guilty to operation of an unlicensed money transmitting business in violation of 18 U.S.C. §§ 1960(a) and 2. On September 2, 2022, Defendant was sentenced principally to a term of imprisonment of 46 months, which was the bottom of the applicable Sentencing Guidelines range determined by the Court. Defendant did not appeal his conviction or sentence.[1]

       Defendant now moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for a reduction in sentence to time served, asserting that "extraordinary and compelling reasons" warrant such reduction. *See generally* ECF No. 66; *see also* ECF No. 69. The Government opposes the motion, asserting that Defendant's motion "does not present sufficiently extraordinary compelling circumstances to justify such a substantial reduction in his sentence." *See generally* ECF No. 67.[2]

---

[1] Familiarity with the detailed procedural history and background of this case is assumed herein.

[2] Defendant has requested oral argument on the instant motion. *See* ECF No. 66 at 1. That request is denied. Defendant's arguments are well presented in his written submissions, and the Court has determined that oral argument would not aid the Court in its resolution of the instant motion.

Defendant has filed his motion (and accompanying exhibits), ECF No. 66, publicly in redacted form and has requested permission to file the unredacted version of that filing under seal. The

**DISCUSSION**

For the reasons set forth below, the Court determines that Defendant has not met his burden of demonstrating that he is entitled to a sentence reduction. Accordingly, Defendant's motion for a reduction in sentence is denied without prejudice.

**I.      Applicable Law**

Under the First Step Act, a defendant serving his sentence may move the court for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), which provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).[3]

"[D]istrict courts have broad discretion in deciding whether to grant or deny a motion for

---

Government has filed its opposition to Defendant's motion, ECF No. 67, publicly in redacted form and has requested permission to file the unredacted version of that filing under seal. In light of the proffered justifications for sealing, the nature of the information contained in the submissions at issue, and the applicable law governing sealing, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006), the parties' requests are granted. Citations herein are to the publicly-filed submissions. The Court has considered all of the materials submitted by the parties, including the unredacted submissions.

[3] Regarding the applicable Sentencing Commission policy statements, "the First Step Act of 2018 made U.S.S.G. § 1B1.13 no longer 'fully applicable' to district courts' consideration of applications for release of prisoners under § 3582(c)(1)." *United States v. Rose*, 837 F. App'x 72, 73 (2d Cir. 2021) (quoting *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020)). In determining what constitutes extraordinary and compelling reasons, "a district court has 'discretion' to consider 'the full slate' of arguments that defendants present to support a sentence reduction." *See United States v. Thrower*, 495 F. Supp. 3d 132, 137 (E.D.N.Y. 2020) (quoting *Brooker*, 976 F.3d at 236-37).

2

a sentence reduction." *United States v. Antney*, No. 17-CR-00229, 2021 WL 4502478, at *1 (E.D.N.Y. Sept. 30, 2021) (citing *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)). "In general, the defendant bears the burden of demonstrating his eligibility for compassionate release." *Id.*, at *2; *see United States v. Lewis*, No. 13-CR-06149, 2021 WL 98393, at *1 (W.D.N.Y. Jan. 12, 2021) (noting that "[a] person making a motion for compassionate release bears the heavy burden of establishing his entitlement to that relief"); *see also United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) ("'If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.'" (quoting *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992))).

## II. Defendant Naveed Has Not Demonstrated that He is Entitled to a Reduction in Sentence

As an initial matter, both parties assert that Defendant has exhausted his administrative remedies. *See* ECF No. 66 at 9; ECF No. 67 at 2. The Court therefore assumes for present purposes that the exhaustion requirement has been satisfied. As noted above, the parties disagree, however, as to whether extraordinary and compelling reasons warrant the requested reduction. Defendant asserts that his family circumstances constitute extraordinary and compelling reasons justifying a reduction in sentence, particularly in light of circumstances in Pakistan. The Government disagrees.

Here, the Court need not determine whether the circumstances proffered by Defendant qualify as "extraordinary and compelling reasons" because, even assuming they do, the factors set forth in 18 U.S.C. § 3553(a) weigh heavily against granting the relief sought here. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) ("We therefore hold that when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown

3

extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction."); *United States v. Johnson*, No. 21-241-CR, 2022 WL 102075, at *2 (2d Cir. Jan. 11, 2022) ("[B]ecause a § 3553(a) assessment favorable to the defendant is a necessary and independent requirement for a sentence reduction, a district court may deny relief in the absence of such a favorable assessment even without conclusively deciding that a defendant has proffered extraordinary and compelling reasons for relief.").

Consideration of the Section 3553(a) factors to the extent that they are applicable, *see* 18 U.S.C. § 3582(c)(1)(A), compels the Court to conclude that Defendant's motion must be denied. The nature and circumstances of the offense of conviction and the need for specific and general deterrence, *inter alia*, weigh strongly against granting a sentence reduction here.

At the time of sentencing (approximately 10 months ago), the Court – having considered the significant mitigation information presented by Defendant, including regarding his family circumstances – determined that a sentence at the bottom of the applicable Sentencing Guidelines range was the sentence that was sufficient but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. *See generally* September 2, 2022 Sentencing Transcript ("Tr."), ECF No. 70; *see also* Tr. at 73.

As the Court set forth on the record at the time of sentencing, the offense to which Defendant pled guilty is a serious one and it is one that he committed over a substantial period of time; Defendant's conduct provided a necessary step in the underlying fraud schemes that generated the proceeds that he transmitted and facilitated the victimization by fraud of others, including an elderly victim of a romance scam and a victim of a business e-mail compromise;

4

and Defendant transmitted funds even after having been told by the Secret Service that his accounts were being used to perpetrate fraud.  *See* Tr. at 69.

Notwithstanding the changed circumstances proffered by Defendant, a reduction in sentence now would undermine the need for the sentence to reflect the seriousness of the offense and to afford adequate deterrence to criminal conduct – both specific and general deterrence.  A reduction in sentence would also undermine the need for the sentence to promote respect for the law and to provide just punishment for the offense.

## CONCLUSION

For the reasons set forth above, Defendant Naveed's Motion to Reduce Sentence, ECF No. 66, is denied without prejudice.

SO ORDERED.

          */s/ Diane Gujarati*
          DIANE GUJARATI
          United States District Judge

Dated:  June 21, 2023
       Brooklyn, New York